IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDGARDO GUTIERREZ, § | |
| Plaintiff, § | |
| § | Civil Action No. 3:10-CV-02507-D (BF) |
| v. § | |
| § | |
| WARDEN MAUREEN CRUZ, FCI § | |
| Seagoville, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred Defendants' Motion to Dismiss (doc. 21) to United States Magistrate Judge Paul D. Stickney for findings and recommendation. The Court has considered Defendants' Motion and Brief in Support and Plaintiff's Response. The Court recommends that the Motion be granted and all claims against Defendants dismissed for the following reasons:

**Background**

Plaintiff Edgardo Gutierrez filed his Original Complaint against Defendants on December 9, 2010, in conjunction with an Application for Temporary Restraining Order ("TRO"). The TRO sought to enjoin Defendants from transferring Plaintiff from the Federal Correctional Institution in Seagoville, Texas ("FCI-Seagoville") to any other prison facility. On December 15, 2010, the United States Magistrate Judge recommended that the Application for TRO be denied as moot because Plaintiff had been transferred from Seagoville to another prison on December 10, 2011. The District Court adopted this recommendation on January 20, 2011.

Plaintiff filed his First Amended Complaint ("Complaint") on February 18, 2011.[1] In the

---

[1] The Complaint names as defendants, in addition to the Bureau of Prisons and Cruz in her official capacity, "other unknown prison officials" and Cruz in her individual capacity. However, no one, including Cruz, has been served with this lawsuit in their individual capacities.

Complaint, Plaintiff alleges that, in July, 2010, while serving his sentence at FCI-Seagoville, Plaintiff hired counsel to assist him "in reducing his sentence." (Complaint ¶ 12.) In November, Plaintiff heard rumors that some inmates would be transferred from FCI-Seagoville to other facilities. (Complaint ¶ 21.) At that time, he requested copies of his records from the Bureau of Prisons ("BOP") "to ascertain if there were any memoranda, in said Central Files, that would support [his transfer] to another custodial institution." (Complaint ¶ 22.) On November 8, 2010, Plaintiff's counsel delivered a letter to the BOP Regional Director advising that Plaintiff had requested these records to use in preparation for filing for injunctive relief preventing any transfer. (Complaint ¶ 23.) On December 8, 2010, Plaintiff's counsel delivered a "Notice to Appear" letter to Defendant Warden Cruz, advising her that he would be seeking injunctive relief against her and the BOP the next morning. (Complaint ¶ 25.) On December 9, 2010, Plaintiff filed this Complaint and the Application for TRO in federal court. Defendant Warden Crus did not appear at the District Court on the morning of December 9. As noted above, the District Court subsequently denied Plaintiff's Application for TRO. In the Complaint, Plaintiff claims that Defendants violated his rights under the First and Sixth Amendments and under the Privacy Act.

## Analysis

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

First, Plaintiff claims that Defendants violated his Sixth Amendment right to the assistance of counsel when he was transferred from FCI-Seagoville despite having received notice from Plaintiff's counsel that an Application for TRO was being filed.[2] Plaintiff argues that he needs his counsel near him because they are working on a way to obtain a sentence reduction. Plaintiff also seems to argue that he was transferred in retaliation to asserting his Sixth Amendment rights.

The Sixth Amendment right to counsel extends to representation at a criminal trial and to the first appeal of right. *Clark v. Johnson*, 227 F.3d 273, 283 (5th Cir. 2000). The right does not extend to discretionary review. *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Plaintiff was sentenced in the spring of 2006. Therefore, his time for an appeal of right ran several years ago, and any relief now sought can only be discretionary. *See* FED. R. APP. P. 4(b)(1)(A). Plaintiff has no valid claim for the right to assistance of counsel under the Sixth Amendment.

Plaintiff, citing no legal authority, asserts that the right to retained counsel never ends.

---

[2] The Court notes that, at the time of the transfer, the Court had not entered a TRO prohibiting the transfer.

However, even assuming Plaintiff has a right to retained counsel, Plaintiff has failed to assert any facts to support the allegation that he was transferred in retaliation to asserting his right to counsel or to explain how his transfer prevents his retained counsel from representing him.[3] "[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 545.

Second, Plaintiff claims that Defendants violated his First Amendment rights by refusing to provide him with copies of his records. The First Amendment states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise therof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I. However, Plaintiff fails to show how the alleged refusal to provide his records implicated the First Amendment, and the Complaint contains no allegations regarding religion, speech, the press, or assemblage.

Third, Plaintiff argues that Defendants violated his rights under the Privacy Act, 5 U.S.C. § 552a. However, Plaintiff does not explain how Defendants violated the Privacy Act and therefore fails to provide any grounds for his entitlement to relief. Presuming Plaintiff intends to assert that Defendants violated the Privacy Act for failing to produce his records, that claim cannot stand. The BOP is exempt from section 552(a)(d) of the Privacy Act, which covers access to records. *See* 28 C.F.R. § 16.97; *Jackson v. Fed. Bureau of Prisons*, 538 F. Supp. 2d 194, 199 (D.D.C. 2008).

---

[3] Plaintiff erroneously argues that the transfer inhibits confidential attorney-client communications. Contrary to Plaintiff's assertion, communications between an inmate and his attorney are confidential, whether made in person, by mail, or by other means. *See Taylor v. Sterrett*, 532 F.2d 462, 470-74 (5th Cir. 1976) (holding that prison officials are prohibited from opening or reading outgoing legal mail and that jail officials may search, but not read, incoming legal mail for contraband in the presence of the prisoner); *see also Adams v. Carlson*, 488 F.2d 619, 630-31 (7th Cir. 1973) ("the effective protection of access to counsel requires that the traditional privacy of the lawyer-client relationship be implemented in the prison context").

Plaintiff fails to state a claim under the Privacy Act upon which relief may be granted.

Finally, even if Plaintiff states a valid claim in his Complaint, he has not exhausted the available administrative remedies. The BOP provides an administrative remedy process for "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Exhaustion is mandatory in all prisoner litigation challenging prison conditions, even if the relief sought cannot be obtained through the administrative process. *See* 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Plaintiff has not filed an administrative claim on any issue since entering the custody of the BOP. (Mo. to Dismiss, Appendix.)

The Court finds that Defendant has shown that it is entitled to dismissal without prejudice pursuant to 12(b)(6).

## **Recommendation**

The Court recommends that the District Court grant Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted and dismiss without prejudice Plaintiff's claims against Defendants.

Signed, May 10, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).