IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDGARDO GUTIERREZ, | § |
| Plaintiff, | § § § |
| | § Civil Action No. 3:10-CV-2507-D |
| VS. | § § |
| MAUREEN CRUZ, Warden, Federal Correctional Institution, Seagoville, et al., | § § § § |
| Defendants. | § § |

## ORDER

After making an independent review of the pleadings, files, and records in this case, the May 10, 2011 findings, conclusions, and recommendation of the magistrate judge, and plaintiff's May 25, 2011 objections, the court concludes that the findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted, and defendant's March 21, 2011 motion to dismiss first amended complaint is granted.

The court adds the following in light of the objections filed by plaintiff Edgardo Gutierrez ("Gutierrez"). Gutierrez maintains that (1) defendants violated his Sixth Amendment right to counsel by transferring him from the Federal Correctional Institution in Seagoville, Texas ("FCI-Seagoville"); (2) he is entitled to relief pursuant to *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576 (D.C. Cir. 2002); (3) the magistrate judge did not consider his retaliation claim; and (4) he is not required to exhaust his administrative remedies before maintaining this action.

First, assuming *arguendo* that Gutierrez has a Sixth Amendment right to retain counsel to pursue a post-conviction discretionary appeal or extraordinary writ, Gutierrez does not have a right to *specific* retained counsel, and he has not alleged that he cannot retain substitute counsel in his

present location. "The Sixth Amendment . . . does not guarantee a defendant the absolute right to retain counsel *of his choosing*." *United States v. Massino*, 303 F.Supp.2d 258, 260 (E.D.N.Y. 2003) (emphasis added) (citing *United States v. Locascio*, 6 F.3d 924, 931 (2d Cir. 1993)).  And "while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988).  Moreover, in the case of a pretrial detainee, courts have held that "'evidence of actual prejudice is necessary to show interference with the right to counsel.'" *United States v. Johnson*, 225 F.Supp.2d 982, 1005 (N.D. Iowa 2002) (quoting *Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993)); *see also United States v. MacFarlane*, 759 F. Supp. 1163, 1167 (W.D. Pa. 1991) (denying defendant's motion for limited release from pretrial detention to prepare his defense because defendant failed to set forth compelling or persuasive justification for release where defendant argued that his attorneys were required to travel 1½ hours to the facility where he was detained).  As the magistrate judge notes in his recommendation, Gutierrez failed to assert any facts explaining how his transfer prevents his retained attorney from representing him.  Gutierrez also did not specify in his objection how the transfer prevents his retained attorney from representing him, or why he cannot seek alternate representation in his present location.

Second, *Toolasprashad* is distinguishable.  In *Toolasprashad* a prisoner brought a *pro se* action against the Bureau of Prisons for transferring him and reclassifying him as a "special offender," in retaliation for the exercise of his First Amendment rights.  *Toolasprashad*, 286 F.3d at 583-86.  The court held that the prisoner had adequately alleged a Privacy Act claim for damages.

*Id.* at 586.  To state a claim for damages under the Privacy Act, a plaintiff must allege "inaccurate records, agency intent [to falsify records], proximate causation, and an 'adverse determination.'" *Id.* at 583.  Gutierrez objects to the magistrate judge's recommendation that his retaliation claim be dismissed, maintaining that the claim satisfies the "true test" requirements of Fed. R. Civ. P. 8(a)(2). He argues that the principles of *Toolasprashad* should be extended to his Sixth Amendment claim.

But even if *Toolasprashad* applies to a claim of retaliation for exercising a Sixth Amendment right, Gutierrez does not allege that, had he not applied for a temporary restraining order ("TRO") seeking to restrain his transfer, he would not have suffered an adverse action (i.e., the transfer).  In fact, Gutierrez alleges in his amended complaint that he heard rumors that he was going to be transferred *before* he requested his file and *before* he applied for a TRO.  Thus *Toolasprashad* is inapplicable.

Third, Gutierrez maintains that the magistrate judge did not consider his retaliation claim. Gutierrez alleges in his amended complaint that defendants were served with a notice to appear at an *ex parte* hearing related to Gutierrez's application for a TRO restraining his potential transfer. He avers that, based on the notice to appear and an alleged violation of his Sixth Amendment right to counsel, defendants transferred him from FCI-Seagoville.  The magistrate judge noted that Gutierrez failed to assert facts supporting the allegation that he was transferred *in retaliation* for asserting his right to counsel.  Following *de novo* review, the court agrees that Gutierrez has failed to allege facts that state a plausible retaliation claim.  Moreover, as already noted, Gutierrez alleges facts in his amended complaint that support the conclusion that defendants contemplated transferring him *before he* requested his files from FCI-Seagoville or applied for a TRO.

Fourth, Gutierrez objects that the magistrate judge did not consider his argument that he is excused from exhausting his administrative remedies before maintaining this action. Because Gutierrez's claims fail on the merits, and because defendant does not contend that the exhaustion requirement is jurisdictional (she does contend it is mandatory), this action is subject to dismissal without considering whether Gutierrez failed to exhaust his administrative remedies.

Defendant's March 21, 2011 motion to dismiss first amended complaint is granted, and the action against defendant Maureen Cruz, in her official capacity, is dismissed with Fed. R. Civ. P. 54(b) final judgment filed today.

**SO ORDERED.**

August 11, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE